# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| MAY CHEN, | * |
| Plaintiff, | * |
| v. | Case Nos.: PWG-13-2564 |
|  | * and PWG-13-2565 |
| PRINCE GEORGE'S COUNTY and SPRINGFIELD HOSPITAL CENTER, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

May Chen, acting *pro se* and *in forma pauperis*, has filed two actions in this Court, both of which have been assigned to me: *May Chen v. Prince George's County, et al.*, PWG-13-2564, which appears to be a habeas corpus action, and *May Chen v. Prince George's County, et al.*, PWG-13-2565, which appears to be a civil action in which Ms. Chen alleges a "hearing right violation, [a] privacy right violation, [a] civil rights violation, [a] HIPAA violation and [a] Patient Safety [Act of] 2009 violation," Compl. ¶ III, ECF No. 1 in PWG-13-2565.

In the case of Ms. Chen's two actions pending before me, and as discussed in my October 10, 2013 Memorandum and Order, ECF No. 5, there is undeniable evidence that Ms. Chen has been adjudicated by a state Circuit Court to be incompetent to make responsible decisions concerning her person and property, because of a mental disorder—"psychosis, not otherwise specified." Guardianship Order ¶¶ 1 & 3, ECF No. 5-1. Fed. R. Civ. P. 17(c)(2) states:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Therefore, it would be appropriate for me to appoint a guardian ad litem for Ms. Chen. *See id.*

I previously appointed Frank Valenti and Robin Weisse, Esquire, as guardians ad litem for Ms. Chen, noting that the state had appointed them as guardians for Ms. Chen's person and property, and I asked them to "'assist the court in determining the propriety of [Ms. Chen's] continued participation in the litigation'" in this Court. ECF Nos. 5–7 in PWG-13-2564 and ECF Nos. 7–9 in PWG-13-2565 (quoting *Fonner v. Fairfax Cnty., VA*, 415 F.3d 325, 330 (4th Cir. 2005)). Mr. Valenti and Ms. Weisse responded to my order and requested that I strike their appointment because neither had "any historical information pertaining to Ms. Chen or the claims before the Court," and they were "not in a position to speak to the propriety of Ms. Chen's continued participation in the ongoing litigation." ECF No. 25 in PWG-13-2564 and ECF No. 22 in PWG-13-2565. They notified me that Ria Rochvarg, Esquire, "was appointed to represent Ms. Chen in the Guardianship matter [in state court], as well as at future Adult Public Guardianship Review Board meetings." *Id.* I issued an Order on December 12, 2013 striking Mr. Valenti's and Ms. Weisse's appointment. ECF No. 26 in PWG-13-2564 and ECF No. 23 in PWG-13-2565. On the same day, I wrote a letter to Ms. Rochvarg, asking if she would accept appointment as counsel for the cases pending before me. ECF No. 27 in PWG-13-2564 and ECF No. 24 in PWG-13-2656. Ms. Rochvarg notified me that she will accept the appointment. ECF No. 32 in PWG-13-2564 and ECF No. 28 in PWG-13-2565. I am very grateful for Ms. Rochvarg's willingness to accept this appointment.

Additionally, Ms. Chen has filed a letter request in her two cases pending before me, ECF No. 31 in PWG-13-2564 and ECF No. 27 in PWG-13-2565. In her letter, she requests a hearing in federal court in lieu of a hearing that apparently has been scheduled in the Circuit Court for

Prince George's Count for March, 2014. This relief is outside of my jurisdiction, as I cannot preside over a matter that is not before this Court.

Accordingly, it is this 28th day of January, 2014 ORDERED that:

1. Ria Rochvarg, Esquire, of Ria Rochvarg, P.A., P.O. Box 1907, Ellicott City, MD 21041, is appointed as counsel for May Chen pursuant to Fed. R. Civ. P. 17;[1]

2. This case NO LONGER IS STAYED;

3. Ms. Chen's letter request for a hearing in this Court on matters pending before the Circuit Court for Prince George's County is DENIED;

4. The Clerk is DIRECTED to mail a copy of this Memorandum Order to Ms. Rochvarg and Ms. Chen;

5. A Status Telephone Call IS SCHEDULED for Monday, March 10, 2014 at 2:00 p.m. to discuss further proceedings in this case. Plaintiff's counsel please will initiate the call.

/S/
Paul W. Grimm
United States District Judge

---

[1] Rule 17(c)(2) provides that the Court "must appoint a guardian ad litem—*or issue another appropriate order*—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added); *see In re Chicago, Rock Island & Pac. R.R.*, 788 F.2d 1280, 1282 (7th Cir. 1986) ("The language is mandatory, but the mandate is limited to cases where a minor (or incompetent) is a party to a suit and is not represented. If he is a party and represented, the appointment of a guardian is not required, provided the representation is adequate. . . ."); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("[T]he court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected . . . ."). Given that Plaintiff already has guardians for her person and property in state court, it is appropriate for me to appoint counsel to represent her in this Court.