**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MAY CHEN,** | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-13-2564 |
| **RUSHERN L. BAKER, III, COUNTY EXECUTIVE FOR PRINCE GEORGE'S COUNTY,** *et al.*, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

May Chen challenges her involuntary detention at Springfield Hospital Center ("Springfield"), a Maryland psychiatric facility, in a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a claim under 42 U.S.C. § 1983,[1] naming as defendants Paula Langmead, in her official capacity as Chief Executive Officer of Springfield and in her individual capacity; Joshua M. Sharfstein, Secretary of the Department of Health and Mental Hygiene ("DHMH"); and Brian Hepburn, Executive Director of the Mental Hygiene Administration ("MHA")[2]

---

[1] Ms. Chen, proceeding *pro se*, originally brought the habeas petition and the § 1983 claim as two separate civil actions, PWG-13-2564 and PWG-13-2565. Because it was evident from the earlier filings that appointment of counsel was necessary under Fed. R. Civ. P. 17(c), I appointed Ria Rochvarg to represent Ms. Chen. ECF No. 33. Ms. Rochvarg graciously accepted the pro bono appointment. ECF No. 32. I am grateful for Ms. Rochvarg's professional and competent representation of Ms. Chen. At my direction, ECF No. 42, the Clerk consolidated Ms. Chen's cases into the one action now pending before me, and Ms. Chen, through counsel, filed an Amended Complaint, ECF No. 47, that incorporates her two causes of action.

[2] Although it appears from the caption that Ms. Chen names Joshua M. Sharfstein and Brian Hepburn in their official capacities only, Ms. Chen's briefing suggests that she names them in their individual capacities. Construing the pleadings in her favor, I consider the claims against the Individual Defendants in both their individual and official capacities.

(collectively, the "Individual Defendants"); Springfield (collectively with the Individual Defendants, the "State Defendants"); and Rushern L. Baker, III, County Executive for Prince George's County (the "County").  I now must determine whether to dismiss Ms. Chen's Amended Complaint.[3]  Because Ms. Chen has failed to state a claim against any of the Defendants, I will grant Defendants' motions and dismiss this case.

---

[3] The County has moved for summary judgment, ECF No. 50, and the State Defendants have moved to dismiss, ECF No. 52.  The parties have briefed fully the State Defendants' Motion to Dismiss.  ECF Nos. 52-1, 53 & 55.  Ms. Chen has opposed the County's Motion for Summary Judgment, ECF No. 54.  The County has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a).  A hearing is not necessary. *See* Loc. R. 105.6.  The motions also appear as ECF Nos. 44 & 46 in PWG-13-2565, where they will be denied as moot, in light of the consolidation and the rulings made in this Memorandum Opinion.

With regard to the County's summary judgment motion, Ms. Chen contends that summary judgment is inappropriate at this time because discovery has not begun and, on that basis, asks for the motion to be denied or stayed.  Pl.'s Opp'n to Cnty. Mot. ¶¶ 6–7.  Yet, although the County styled its motion as one for summary judgment, it argues that "the County should be dismissed from the above captioned case, pursuant to the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 … (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 … (2007)."  Cnty. Mot. ¶ 11; *see id.* ¶¶ 12–14.  Moreover, the County does not rely on any documents of which this Court cannot take judicial notice under Fed. R. Evid. 201(b).  Therefore, I will construe its motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 1; *see, e.g.*, *Gravely v. City of Charleston*, No. 13-4209, 2014 WL 267012, at *7 n.1 (S.D.W. Va. Jan. 23, 2014) (construing summary judgment motion as Rule 12(b)(6) motion where defendants "relie[d] entirely upon the contents of the complaint, no responsive pleadings ha[d] been filed, and there ha[d] been no discovery exchanged").  Even were I not to do so, however, Ms. Chen has failed to make the showing required by Rule 56(d) to justify delay of entry of summary judgment until she has had the opportunity to seek discovery.  *See* Fed. R. Civ. P. 56(d).

## I.   FACTUAL AND PROCEDURAL BACKGROUND[4]

Following a criminal trial for second degree assault in the District Court for Prince George's County, Maryland on April 4, 2013, at which Ms. Chen was found incompetent to stand trial "by reason of … a mental disorder," the state court committed Ms. Chen to Springfield. Am. Compl. ¶¶ 13–14; State Ct. Order, Supp. to Pet., ECF No. 14-2. While there, Ms. Chen was "administered medication against her will and without her consent in non-emergency situations" on three occasions. *Id.* ¶¶ 45, 46, 49, 52. Ms. Chen challenged her detention and the administration of medication through Springfield's grievance procedure, without success. *Id.* ¶¶ 15–22, 48, 51, 54. Initially, she "administratively appealed the unfavorable decisions with regard to her grievances about her confinement," but "she declined to continue the administrative appeal process" because she felt that "pursuing further administrative remedies would have been futile." *Id.* ¶ 23.

Ms. Chen filed suit in this Court on September 3, 2013, seeking habeas relief in the form of "immediate release" from Springfield, as well as damages for unlawful detention and forced administration of medication, in violation of § 1983. Pet., ECF No. 1; Compl., ECF No. 1 in PWG-13-2565; *see* Am. Compl. Thereafter, at a competency review hearing in state court on April 3, 2014, "[t]he only expert testimony … provided that, while she may suffer from a mental illness, Petitioner was not a danger to herself or others," and "[n]o testimony was given … with

---

[4] For the purposes of resolving Defendants' motions to dismiss, I accept the facts alleged in Ms. Chen's Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Yet, I need not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And, I may take judicial notice of the existence of court records. Fed. R. Evid. 201(b); *see also WW, LLC v. Coffee Beanery, Ltd.*, No. WMN–05–3360, 2012 WL 3728184, at *6 (D. Md. Aug. 27, 2012).

regard to Petitioner's inability to care for herself in the community." Am. Compl. ¶¶ 25–26. Nonetheless, the state court "refused to release Petitioner from her confinement at Springfield Hospital Center." *Id.* ¶ 27. Ms. Chen has amended her complaint to add challenges to her continued detention and the administration of medication since she originally filed suit, and Defendants have moved to dismiss her Amended Complaint in its entirety.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

### III.  DISCUSSION

**A.  Habeas Relief**

This Court may grant habeas relief for an individual who is "in custody pursuant to the judgment of a State court," if the individual is "in custody in violation of the Constitution" or a federal law. *See* 28 U.S.C. § 2254(a). In her first count, Ms. Chen seeks habeas relief, claiming that her "continued confinement violates her Constitutional Rights, as well as other judicially recognized civil liberties," and she seeks "immediate release from Springfield Hospital Center." Am. Compl. ¶¶ 28–29.

The County argues that it "is not a proper party in this action, because it does not have custody over Ms. Chen," and "[i]n a habeas corpus action, the proper respondent is the person holding the petitioner in custody." Cnty. Mot. ¶ 9. Likewise, the State Defendants insist that Langmead, as Springfield's CEO, is the only proper defendant because she is "the individual with custody of the person and the authority to produce that person before the court." State Defs.' Mem. 8. On that basis, they ask that the Court dismiss Count I as to the other State Defendants. *Id*. Ms. Chen "admits that the appropriate respondent for a Writ of Habeas Corpus is the individual who has immediate custody of the detained party," and notes that Langmead "is the individual who holds this authority." Pl.'s Opp'n to Cnty. Mot. 2. She does not object to the dismissal of the other defendants. *Id*. Therefore, Ms. Chen's Petition for Writ of Habeas Corpus is dismissed as to all defendants but Langmead in her official capacity. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is

'the person' with the ability to produce the prisoner's body before the habeas court." (quoting 28 U.S.C. § 2242; other citations omitted)).

The State Defendants contend that, even though Langmead is a proper defendant, Ms. Chen's habeas petition must be dismissed because she has not exhausted her state remedies. Defs.' Mem. 10-11. They assert that "it does not appear from the docket entries that Ms. Chen has appealed the court order finding her incompetent and committing her to the Department" or "filed a habeas petition in State court." *Id.* It is true that an individual must exhaust her remedies in state court before seeking habeas relief. *Sifrit v. Nero*, No. RDB-12-910, 2014 WL 5140329, at *7 (D. Md. Oct. 10, 2014). In Maryland, this means "seeking review of the claim in the highest state court with jurisdiction to consider the claim," through direct appeal or post-conviction proceedings, as appropriate. *Id.* (citing 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). Ms. Chen does not dispute that she did not file an appeal in state court. *See* Pl.'s Opp'n to State Defs.' Mot. ¶ 8.

It is undisputed that the time for Ms. Chen to appeal the April 4, 2013 incompetency determination had passed when Ms. Chen filed suit on September 3, 2013, and the time for Ms. Chen to appeal the April 3, 2014 incompetency determination had passed when she filed her Amended Complaint on May 9, 2014. Pl.'s Opp'n to State Defs.' Mot. ¶ 8; Pet.; Am. Compl.; *see* Md. R. 8-202 (party has thirty days to appeal an order or judgment). When, as here, an individual seeking federal habeas relief fails to note a timely appeal in state court, such that "no avenue of relief in the state court system remains open to petitioner," then "the Court cannot say that he [or she] has failed to exhaust his [or her] state remedies." *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982). This does not mean that a petitioner can obtain federal habeas relief simply by waiting for the state filing deadline to pass. Rather, such a "deliberate bypass" of state

6

court review amounts to a procedural default that bars federal habeas relief "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Id.*; *see Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991) (cause and prejudice standard applies when petitioner fails to note timely appeal in state court).

Ms. Chen insists that she could not file a timely appeal "due to her confinement at Springfield Hospital Center, which has resulted in delayed communication with her attorneys and the courts." Pl.'s Opp'n to State Defs.' Mot. ¶ 8. Yet, in their Reply, the State Defendants correctly note:

> Despite that confinement, however, Ms. Chen managed to file appeals to the Fourth Circuit of this Court's orders. S*ee* ECF Document 21, *Chen v. Prince George's County Executive*, Case No. 8:13-cv-02565 (Nov. 26, 2013 D. Md.); ECF Document 22, *Chen v. Prince George's County*, Case No. 8:13-cv-02564 (Nov. 26, 2013 D. Md.). She also appealed the order of the Circuit Court for Carroll County appointing a guardian for Ms. Chen. Doc. No. 23 [Notice of Appeal filed Sept. 17, 2013], Case Information, *In the Matter of May Chen*, Case No. 06-C-13-064504 (Cir. Ct. Carroll Cty.) [ECF No. 55-1].

State Defs.' Reply 2. Thus, Ms. Chen has not shown cause for her failure to note a timely appeal, and her petition for habeas relief must be denied. *See Bradley*, 551 F. Supp. at 481; *Coleman*, 501 U.S. at 750–51.

### B. Section 1983 Claims

Ms. Chen's second claim is that Defendants violated 42 U.S.C. § 1983 by "intentionally and maliciously depriv[ing] her of her Constitutional right to liberty." Am. Compl. ¶ 37. Her third claims is that Defendants violated § 1983 by "administer[ing] medication against her will and without her consent." *Id.* ¶¶ 46, 49, 50, 52. She alleges that this administration of medication violated her "liberty interest in avoiding the unwanted administration of psychotropic drugs under the Due Process Clause of the Fourteenth Amendment" and constitutes "battery

7

and/or trespass of the person." *Id.* ¶¶ 55–56. She seeks compensatory and punitive damages. *Id.* ¶¶ 37, 62–63.

### 1. *Prince George's County as Defendant*

The County argues that, with regard to both of her § 1983 claims, Ms. Chen "pleads no facts nor makes a discernible claim against the County in her Amended Complaint." Cnty. Mot. ¶¶ 11–13. Ms. Chen counters that the County "caused her confinement and did so unlawfully," and that the County's "actions were the proximate cause of her deprivation of her right to be free," such that it "could potentially be liable for damages" under § 1983. Pl.'s Opp'n to Cnty. Mot. ¶ 8. In her Opposition, she does not address the County's actions regarding her forced medication. *See generally id.* Moreover, in her Amended Complaint, Ms. Chen asserts that she "was committed by the *District Court* for Prince George's County," not the County itself. Am. Compl. ¶ 13 (emphasis added). The executive and judicial branches of Maryland state government are "forever separate and distinct from each other." Md. Const., Decl. of Rts. Art. 8. Therefore, the County, part of the executive branch, is separate from and not liable for the actions of the state district court, part of the judicial branch. *See id.* Ms. Chen does not refer to any actions by the County itself in either of her claims for § 1983 violations. Consequently, she has failed to state a claim against the County. *See* Fed. R. Civ. P. 12(b)(6).

### 2. *State Defendants as Defendants*

The State Defendants argue that, "to the extent that Chen alleges a claim against Springfield, that claim must also fail," because "a state and its agencies are not persons for purposes of 42 U.S.C. § 1983," and "Springfield is a State psychiatric hospital operated by the Mental Hygiene Administration, a unit of the Department of Health and Mental Hygiene," which in turn "is a 'principal department of the State government.'" State Defs.' Mem. 13 (quoting

Md. Code Ann., Health-Gen'l § 2-101; citing *id.* §§ 2-106(a)(6), 10-406(a)(4)).  Ms. Chen does not address this argument in her Opposition to the State Defendants' Motion.

"[S]tate agencies and state officials acting within their official capacities cannot be sued under § 1983 because they are not 'persons.'" *Dennis v. Bd. of Educ. of Talbot Cnty.*, ---- F. Supp. 2d ----, 2014 WL 1874980, at *3 (D. Md. May 8, 2014) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  This is true even though "state officials literally are persons." *Will*, 491 U.S. at 71.  Further, Springfield is an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under Section 1983. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *Brownlee v. Williams*, No. 2:07–0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) (collecting cases in which "courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law" (citing *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (prison not a "person"); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (same); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same)); *see generally* 5 Charles Alan Wright, *et al.*, *Fed. Prac. & Proc.* § 1230 (2002).  Thus, Ms. Chen has failed to state a claim under § 1983 against Springfield.  Additionally, Ms. Chen has failed to state a claim under § 1983 against any of the Individual Defendants in their official capacities.  *Will*, 491 U.S. at 64, 71; *Dennis*, 2014 WL 1874980, at *3.

> 3. *Individual Defendants in their Individual Capacities – Unlawful Detention in Violation of § 1983*

Relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), the State Defendants argue that Ms. Chen fails to state a claim for damages for unlawful detention under § 1983 because such a claim

requires that a plaintiff "prove that the order confining the plaintiff has been reversed on appeal, expunged, declared invalid, or called into question in a habeas proceeding," and "Ms. Chen does not claim that the order confining her to Springfield has been reversed on appeal or otherwise declared invalid." Mem. 11. Ms. Chen notes that "*Heck* states[] … that a Petitioner can recover damages for an unlawful confinement if the confinement is 'called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254,'" and that she "has sought this relief and, if successful, would be entitled to damages for unlawful confinement." Pl.'s Opp'n 3 (quoting *Heck*, 512 U.S. at 487).

> In *Heck*, 512 U.S. 477, the Supreme Court held:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, … a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted). Ms. Chen does not contest that she did not appeal her confinement order or that it has not been expunged or declared invalid. *See generally* Pl.'s Opp'n to State Defs.' Mot. 3. Further, she acknowledges that she would need to succeed on her petition for habeas relief to "be entitled to damages for unlawful confinement." *See id.* As discussed above, Ms. Chen's habeas petition must be dismissed. Therefore, given that the

confinement order has not been reversed, expunged or declared invalid, her § 1983 claim for unlawful confinement must be dismissed as well. *See Heck*, 512 U.S. at 486–87.

### 4. Individual Defendants in their Individual Capacities – Forced Medication in Violation of § 1983

Ms. Chen claims that she was "administered medication against her will and without her consent in non-emergency situations" on May 19, 2013, January 11, 2014 and February 22, 2014. Am. Compl. ¶¶ 45, 49 50, 52. Additionally, she contends that on May 19, 2013, "*a doctor* gave a standing order authorizing such administration to continue "for up to 72 hours." *Id.* ¶ 46 (emphasis added). The Individual Defendants contend that these allegations fail to state a § 1983 claim against them in their individual capacities because they "do[] not identify any action taken by Ms. Langmead, Dr. Sharfstein, or Dr. Hepburn that would constitute administering medication without her consent." State Defs.' Mem. 12. They also argue that, to the extent "Ms. Chen seeks to hold them responsible under a theory of respondeat superior[,] [t]hat theory is not available in a section 1983 action." *Id.* at 13. Ms. Chen states that "[i]t is not clear who, specifically, medicated Petitioner and under what authority or whose direction they did so." Pl.'s Opp'n to State Defs.' Mot. ¶ 13. She "request[s] leave to amend the Complaint to include additional parties should they become known." *Id.* ¶ 14.

It is true that the doctrine of respondeat superior does not apply to § 1983 actions. *See Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, to state a claim against the Individual Defendants, Ms. Chen must allege either that they personally administered medication to her or that they had "personal knowledge of and involvement" in the administration of the medication. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Evans v. Chalmers*, 703 F.3d 636, 661 (4th

Cir. 2012) (stating that plaintiff must "identify how 'each [supervisory] defendant, through the official's own individual actions, has violated the Constitution,' to ensure that the serious burdens of defending against this sort of lawsuit are visited upon a departmental supervisor only when the complaint 'plausibly suggest[s]' that the supervisor engaged in 'his or her own misconduct'" (quoting *Iqbal*, 556 U.S. at 676, 677, 681)).  Yet, she does not make either allegation.  Consequently, she has failed to state a claim against the Individual Defendants for administration of medication in violation of § 1983 and her claim must be dismissed.  *See Johnson v. Dore*, No. RWT-12-3394, 2013 WL 5335626, at *4 (D. Md. Sept. 20, 2013) (granting Rule 12(b)(6) motion to dismiss claims as to two defendants because the "Complaint d[id] not include any allegations concerning [those defendants] to support a plausible claim against them" but rather "repeatedly refer generally to 'Defendants,' without identifying specific Defendants or conduct"); *Ciralsky v. C.I. A.*, No. 10-911, 2010 WL 4724279, at *4, *9 (E.D. Va. Nov. 15, 2010) (dismissing *Bivens* claims because, *inter alia*, plaintiff only made "a vague claim" about one individual defendant and otherwise "fail[ed] to identify any specific actions of individual defendants"), *aff'd sub nom. Ciralsky v. Tenet*, 459 F. App'x 262 (4th Cir. 2011); *Asafo–Adjei v. First Sav. Mortg. Corp.*, No. RWT-09-2184, 2010 WL 730365, at *5 (D. Md. Feb. 25, 2010) (dismissing claim for intentional infliction of emotional distress where, *inter alia*, plaintiff "fail[ed] to identify which Defendants caused his emotional distress"); *Ridgway v. NovaStar Mortg. Inc.*, No. RDB-09-1814, 2009 WL 5217034, at *4 (D. Md. Decl. 30, 2009) (dismissing fraud claim because "Plaintiffs … fail to identify which Defendants committed the alleged fraud, [and] do not allege almost any other details …. that would shed light onto their claim").

## IV.    CONCLUSION

In sum, for the reasons stated above, the State Defendants' Motion to Dismiss, ECF No. 52, is granted, and the County's Motion for Summary Judgment, ECF No. 50, construed as a motion to dismiss, is granted.  Ms. Chen's Amended Complaint is dismissed. This dismissal is without prejudice to filing a new claim against individuals who were involved in the alleged administration of the medication, should there be a good faith basis to do so. *See* Fed. R. Civ. P. 11.  The Clerk is directed to close this case.

PWG-13-2565 shall be closed as well, and the State Defendants' Motion to Dismiss and the County's Motion for Summary Judgment in that case, ECF Nos. 44 & 46 in PWG-13-2565, will be denied as moot, in light of the consolidation of these two cases and the rulings made in this Memorandum Opinion.

Ms. Rochvarg's pro bono appointment to represent Ms. Chen shall be terminated.

A separate order will issue.


Dated: December 2, 2014                                         /S/
                                                                                Paul W. Grimm
                                                                                United States District Judge