**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MAY CHEN,** | * |
|     **Plaintiff,** | * |
| v. | *   Case No.: PWG-13-2564 |
| **RUSHERN L. BAKER, III, COUNTY EXECUTIVE FOR PRINCE GEORGE'S COUNTY,** *et al.*, | * * |
|     **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

May Chen, proceeding *pro se*,[1] filed an Emergency Motion to Request Judgment and a Supplement thereto on October 13, 2015. ECF Nos. 63 & 64.[2] She asks the Court to "Re-open" the case because it "was never settled." Pl.'s Mot. 1. It appears that she requests that the Court reconsider its December 2, 2014 dismissal of her claims for failure to state a claim against any of the Defendants. ECF Nos. 58 & 59; *see* Fed. R. Civ. P. 1. Because Ms. Chen has not provided a basis for reconsideration, her motion will be denied. Moreover, because she has imposed a

---

[1] Previously, I appointed Ria Rochvarg to represent Ms. Chen, *pro bono*, pursuant to Fed. R. Civ. P. 17(c). ECF No. 33. Such appointment is not necessary with regard to the disposition of the pending motion since it seeks reconsideration of the earlier ruling made in this case when Ms. Chen was represented, and it is clear on the face of the filing that she is not entitled to the relief that she requests.

[2] May Chen also filed an Emergency Motion to Request Judgment and a Supplement thereto, ECF Nos. 54 and 55, in *Chen v. Prince George's County Executive*, PWG-13-2565. Because I consolidated these cases and directed that all subsequent filings would be made in the lead case, PWG-13-2564, *see* ECF No. 38 in PWG-13-2564, and given that the most recent filings in PWG-13-2565 are identical to those filed in PWG-13-2564, the motion in PWG-13-2565 will be stricken as erroneously filed.

burden on the multiple defendants sued in her unmeritorious suits and has disrupted the work of the employees of the Clerk's Office, she will be ordered to show cause why a pre-filing injunction should not issue, and her ability to file future papers with the Court will be regulated strictly as set forth in this Memorandum and Order.

### I. MOTION FOR RECONSIDERATION

Plaintiff originally filed suit against Rushern L. Baker, III, County Executive for Prince George's County; Springfield Hospital Center ("Springfield"), a Maryland psychiatric facility; Paula Langmead, in her official capacity as Chief Executive Officer of Springfield and in her individual capacity; Joshua M. Sharfstein, Secretary of the Department of Health and Mental Hygiene; and Brian Hepburn, Executive Director of the Mental Hygiene Administration, alleging in a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a claim under 42 U.S.C. § 1983 that she was improperly involuntarily detained at Springfield, where medication was improperly administered to her against her will. Mem. Op. 1–3. I dismissed all of her claims for failure to state a claim, *id.* at 13, and ten months later, Plaintiff asks me to enter judgment in her favor.

A party may move for relief from a final judgment under Rule 60 when more than twenty-eight days have elapsed from entry of the judgment. Rule 60(b) provides that the Court may grant such relief

> for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Here, Plaintiff does not argue that any new evidence has been discovered or that Defendants committed fraud, misrepresentation or other misconduct. *See* Fed. R. Civ. P. 60(b)(2)–(3). Rather, she states that "[a]ll details were filed to the court from August 27, 2013 to 2014," during the pendency of her case," and that she "does not want to repeat the accused wrongdoings." Pl.'s Mot. 1. Nor does she assert "mistake, inadvertence, surprise, or excusable neglect," a change pertaining to a judgment, or any reason whatsoever for reconsidering the dismissal order. *See* Fed. R. Civ. P. 60(b)(1), (4)–(6). Instead, she catalogs "the debt" she feels she is "owed by the State of Maryland Prince George's County and Carroll County," as well as "State of California Los Angeles County." Pl.'s Mot. 2–3.

She does, however, allege new facts, claiming that Prince George's County "t[ore] down [her] property" and "illegally [took] away [her] property." *Id*. Her Supplement appears to be a recital of events at her property from August 16, 2015 until October 13, 2015, including vehicles "trespassing," "motor noise" and other "harassing sound[s]" such as "airplane noise," "intentional dog barking" and "kids yelling" and "throw[ing a] ball to make noise." Supp. 2–3. The events culminated in police officers and a "big moving truck" coming to her property on October 13, 2015, her property being "t[orn] down," and the police directing her to leave the property. *Id*. at 1. Yet these events, which transpired months after I dismissed her case, are unrelated to her case, in which she challenged her detention and the administration of medication

to her at Springfield. Thus, they do not provide a basis for reconsideration of its dismissal.³ *See* Fed. R. Civ. P. 60(b). Plaintiff's Emergency Motion to Request Judgment, construed as a motion for reconsideration, IS DENIED.

## II.     PRE-FILING INJUNCTION

In her efforts to file this motion, Ms. Chen repeatedly contacted the Court by email on May 26, 2015, June 8, 2015, and September 18, 2015, seeking to "re-open the complaint," which she insisted "was wrongfully closed," and ignoring the Court's response that any filings had to be made "by mail or in person." Ultimately, on October 13, 2015, Ms. Chen came to the courthouse to file this motion. While in the Clerk's Office, she was argumentative, and at times combative, and after repeated efforts by employees of the Clerk's Office to calm her down and to explain proper procedures for filing papers in civil cases proved unsuccessful, she had to be escorted from the building by the United States Marshal's Service.

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *see Thomas* v. *Fulton,* 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer*, 390 F.3d at 817–18). One means of limiting access is a pre-filing injunction, which is a "drastic remedy" that courts only should impose "sparingly," but it may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer*, 390 F.3d at 817–18 (citation and internal quotation marks omitted). When determining whether to employ a pre-filing review

---

³ To the extent that Ms. Chen intended to file a new complaint, she retains the right to do so, subject to the limitations discussed in this Memorandum and Order, which are necessary given her disruptive conduct at the Clerk's Office on October 13, 2015.

system, a court should consider the following factors: (1) "the party's history of litigation, in particular whether [s]he has filed vexatious harassing, or duplicative lawsuits"; (2) whether the party files h[er] cases on good faith bases, or only to harass; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) if alternative sanctions are adequate.  *Id.* at 818.  The injunction must be "narrowly tailored to fit the specific circumstances at issue."  *Id.*

Even a cursory review of these factors demonstrates the need for a pre-filing injunction to limit the ability of Ms. Chen to file further lawsuits relating to the events that underlie this case and PWG-13-2565.  She has filed two lawsuits, both of which relate to the same events.  She has disregarded the Local Rules and this Court's directions by repeatedly attempting to file papers electronically, to submit filings herself when represented by counsel, and to submit unsigned documents.  *See* Loc. R. 102.1(a)(ii); ECF Nos. 34–35 (filings submitted by Ms. Chen herself when represented by counsel), 36–37, 43, 45 (correspondence from the Court directing Ms. Chen to submit filings through counsel only), 38–40, 48, 49 (filings submitted by Ms. Chen herself when represented by counsel), 62 (unsigned document returned to Ms. Chen).  She has imposed a burden on the multiple defendants sued in her unmeritorious suits, as well as employees of the Clerk's Office who are required to process her voluminous filings.  More significantly, she has harassed the employees of the Clerk's Office and interfered with the business of this Court with her disruptive behavior.  Finally, because she is acting *pro se*, there is no realistic expectation that lesser sanctions than a pre-litigation injunction will be effective to deter her from filing further vexatious suits and continuing to harass the Clerk's Office staff.  This Court is not a trampoline for the vexatious conduct of serial litigants who would persist in refiling meritless suits that already have been decided with finality against them.

Having weighed and balanced Ms. Chen's repetitive filings and the burden she has placed on court personnel with her right of access to the courts, the Court is inclined to issue a narrowly tailored pre-filing injunction that will restrict, but not deprive, her of her right of access to the court. Consistent with notice and response requirements of *Cromer*, 390 F.3d at 819, Ms. Chen is advised that, subject to her ability to show cause why the Court should not take this action, the Court is inclined to enjoin her from instituting any new civil cases or from filing any new documents in any existing case in this Court in which she is the Plaintiff, without first obtaining approval from the Chief Judge of the United States District Court for the District of Maryland.[4] It is further inclined to prohibit Ms. Chen from entering the courthouse unless granted specific permission to do so by the judge presiding over a case that is permitted to be filed following pre-filing review.

If Ms. Chen intends to file any civil action or documents with the Court, whether for pre-filing review if a pre-filing injunction is issued, or thereafter, if such review permits her to proceed with an action she seeks to bring, she will be permitted to present documents in person to a Court Security Officer stationed at the entry to the courthouse for delivery to the Clerk's Office for review, and if approved, filing, but not to enter the courthouse or other building where this Court is in session, unless permitted to do so by the Court. Alternatively, she may mail them to the Court at the Clerk's Office.

---

[4] In the order that dismissed her claims, I stated that Ms. Chen's § 1983 claim was dismissed "without prejudice to filing a new claim against individuals who were involved in the alleged administration of the medication, should there be a good faith basis to do so." Mem. Op. 11, 13 (citing Fed. R. Civ. P. 11). This pre-filing injunction will not bar Ms. Chen from seeking leave to file a meritorious suit on these or other grounds, provided she follows the procedures stated in this Order that govern how she is to file papers with the Court.

Should Ms. Chen fail to show cause why the Court should not issue this order, then absent prior approval by the Chief Judge to enter a new filing on the docket, the Clerk will be directed to dispose of any document delivered to a Court Security Officer for presentation to the Clerk's Office for pre-filing review without additional action. Ms. Chen is advised that, if issued, nothing in the pre-filing injunction will be construed as limiting her ability to defend herself in any criminal matter in this Court.

Consequently, Ms. Chen is ordered to show cause in the manner described in this Order why the Court should not impose an order that (A) directs the Clerk: (1) not to accept for filing any further complaints or papers filed by Ms. Chen, unless the Chief Judge certifies that the complaint or papers are filed in good faith and not for any improper purpose, and that they have a colorable basis in law and fact; (2) to return to Ms. Chen,[5] under judicial signature, all screened complaints or other papers submitted that are not accepted for filing; and (3) to destroy all screened complaints or other papers that were returned to Ms. Chen and re-filed in the Court; and (B) prohibits Ms. Chen from entering the courthouse.

Ms. Chen shall show cause by October 28, 2015 why the Court should not impose the aforementioned pre-filing injunction. Ms. Chen's response shall be mailed to the Court or presented to the Court Security Officer for delivery. She is cautioned that her failure to file a timely or responsive show cause answer will result in the imposition of the pre-filing injunction without further notice from the Court. Ms. Chen's answer may not exceed twenty-five double-spaced pages with twelve-point font, and should she exceed that limit, the Clerk is ordered to reject the filing and return it to her.

---

[5] Ms. Chen's documents will be returned to the last known address on file in the event she does not provide a return address.

7

Accordingly, it is, this <u>14th</u> day of <u>October</u>, <u>2015</u>, hereby ORDERED that

1. Plaintiff's Emergency Motion to Request Judgment, ECF No. 63 in PWG-13-2564, construed as a motion for reconsideration, IS DENIED;

2. Plaintiff's Emergency Motion to Request Judgment, ECF No. 54 in PWG-13-2565, IS STRICKEN as erroneously filed; and

3. Ms. Chen SHALL SHOW CAUSE by October 28, 2015 why the Court should not impose a pre-filing injunction.

                                                                                      /S/
                                                         Paul W. Grimm
                                                         United States District Judge