## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **MAY CHEN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-13-2564** |
| **RUSHERN L. BAKER, III, COUNTY EXECUTIVE FOR PRINCE GEORGE'S COUNTY,** *et al.*, | * * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

Ms. May Chen filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241

and a claim under 42 U.S.C. § 1983. I appointed counsel to represent her, and the claims were

consolidated and, ultimately, dismissed for failure to state a claim. *Chen v. Prince George's*

*County*, PWG-13-2564; *Chen v. Prince George's County Executive*, PWG-13-2565. Unsatisfied

with the outcome of her case, Ms. Chen (once again *pro se*) filed an "Emergency Motion to

Request Judgment," along with a Supplement, on October 13, 2015. ECF Nos. 63 & 64. The

gist of these filings was to ask the Court to reopen her case. On October 14, 2015, I issued a

Memorandum and Order, ECF No. 65, denying the Emergency Motion to Request Judgment. In

denying the motion, I noted Ms. Chen's history of making voluminous filings, failure to follow

the Court's directions and the Local Rules, harassment of Clerk's Office employees, and

persistent attempts to reopen her case. Finding that "she has imposed a burden on the multiple

defendants sued in her unmeritorious suits and has disrupted the work of the employees of the

Clerk's Office," I ordered her to show cause by October 28, 2015 why a pre-filing injunction

should not issue.  Oct. 14, 2015 Mem. & Order 1–2, 5–8.  This order was mailed to Ms. Chen by

first class mail, as required by the local rules of this Court, and the Clerk's Office's standard

operating procedures.

Because Ms. Chen failed to update the Clerk's Office with her current mailing address, in

violation of Local Rule 102.1(b)(iii), the Memorandum and Order was returned as undeliverable

on October 27, 2015.  ECF Nos. 66, 67.  In late October or early November 2015, Ms. Chen

called Chief Judge Blake's chambers to inquire about the status of her motion, and she submitted

an email via the Court's website Guest Book on November 12, 2015, stating:

> You cannot steal me everything.  . . .  I do not owe you anything, however you
> owe me everything.  Even I was mistreated by your staffs on Oct 13, 2015 which I
> totally cannot stand.  Can you tell the judge to honor my motion, so I can go.

On November 13, 2015, the Clerk's Office sent a PDF copy of the October 14, 2015

Memorandum and Order to Ms. Chen via email at maychenhousehold@gmail.com, because

doing so was the only way to ensure that she received a copy of the Memorandum and Order.

Rather than show cause why a pre-filing injunction should not issue, Ms. Chen has

continued her efforts to file variations of the motion that I ruled on in October, 2015, and to

ignore the Court's direction that any filings have to be made "by mail or in person."  Ms. Chen

emailed the Clerk's Office on November 17, 2015, stating that she would "send . . . another

motion with 20% interest $35 late fee on all claims tomorrow for the month of December 2015,"

and asserting that the "[a]ddress was correct," but "the local post office does NOT deliver mail."

On December 2, 2015, Ms. Chen emailed a "Motion to Request Judgment" to the Clerk's Office.

The motion is largely the same as the motion that was the subject of the October 14, 2015

Memorandum and Order.  Ms. Chen also submitted the same motion via the Court's website

Guest Book on December 10, 2015, asking the Clerk to "Please send the attached Motion to your

Chief Judge in Baltimore per her clerk asking," and asking for the Clerk to "pay [her] postage, so [she] can sen[d] [the motion] by mail."

Having received no response regarding the proposed pre-filing injunction, I have determined that the proposed pre-filing injunction is appropriate (all the more so because of Ms. Chen's continuing to violate the instructions not to attempt to file pleadings via email or the Court's website), and it will be entered for the reasons discussed in the October 14, 2015 Memorandum and Order, which are incorporated herein by reference.  As additional support for entry of the injunction, I note that Ms. Chen's duplicative filings, combative behavior, and failure to follow the Court's directions and the Local Rules have persisted since her receipt of the Memorandum and Order.  Specifically, she submitted a variation of the motion on which I already ruled on October 14, 2015 again on December 2 and 10, 2015, both times by email, even though I already had disposed of the motion and despite instructions to file motions by mail or in person.  Further, she hung up on Chief Judge Blake's judicial assistant and submitted an inflammatory email on November 12, 2015, stating that the Court "cannot steal . . . everything" from her, that the Court "owe[s] [her] everything," and that she "totally cannot stand" the way she was treated by the Clerk's Office on October 13, 2015.  Most recently, on December 13, 2015, Ms. Chen emailed the Clerk's Office again, insisting that the Clerk had "down [sic] all kinds of miserable things [to her]," and that the Clerk is her "absolute enemy."

This Court is mindful that Ms. Chen is a *pro se* plaintiff and "absent exigent circumstances," courts "should not in any way limit a litigant's access to the courts," particularly when litigants are proceeding without counsel. *See Cromer v. Kraft Foods N. Am.*, 390 F.3d 812, 818 (4th Cir. 2004) (citations omitted).  Additionally, a pre-filing injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* (citations omitted).  In light of

Ms. Chen's conduct since she filed suit in 2013, the Court finds that only a general pre-filing injunction will ensure Ms. Chen will end her harassing conduct in this Court. Moreover, Ms. Chen's disruptive conduct has interfered with the business of this Court and requires further restriction on her ability to interact with court staff.

Having provided Ms. Chen with adequate notice and an opportunity to respond[1] pursuant to *Cromer*, 390 F.3d at 819, it is therefore,

ORDERED that, on behalf of the United States District Court for the District of Maryland, Ms. Chen IS ENJOINED from (1) instituting any new civil cases or (2) filing any new documents in any existing case in this Court in which she is the Plaintiff or Petitioner, without first obtaining approval from the United States District Court for the District of Maryland; and it is further

ORDERED that Ms. Chen is ENJOINED from entering the courthouse unless granted specific permission by the United States District Court for the District of Maryland or the judge presiding in a specific case; and it is further

ORDERED that, if Ms. Chen intends to file any civil action or documents with the Court for pre-filing review or thereafter (if such review permits her to proceed with an action she seeks to bring), she will be permitted to present documents in person to a Court Security Officer stationed at the entry to the courthouse for delivery to the Clerk's Office for review, and if approved, filing, but not to enter the courthouse or other building where this Court is in session,

---

[1] Originally, the October 14, 2015 Memorandum and Order provided Ms. Chen with fourteen days, until October 28, 2015, to respond. Although Ms. Chen did not receive the Memorandum and Order promptly, due to her failure to provide a current address, I note that she received the Memorandum and Order by email on November 13, 2015, such that she now has had more than one month to respond.

unless permitted to do so by the Court. Alternatively, she may mail them by U.S. Mail to the Court at the Clerk's Office; and it is further

ORDERED that the Clerk and deputy clerks of this Court are DIRECTED to refer any future filings properly made by Ms. Chen to the undersigned for review before entering them on the docket.  The Clerk is DIRECTED to enter any new filing that I review and approve on the docket, but the Clerk is DIRECTED to dispose of any document delivered to a Court Security Officer or mailed to the Court for pre-filing review without additional action if I review it and do not approve it for docketing; and it is further

ORDERED that the Clerk is DIRECTED not to submit for pre-filing review by the undersigned any attempted filing by Ms. Chen that is sent by email, entry on the Court's website, or any other manner except by delivery in person or mailing by U.S. Mail; and it is further

ORDERED that Ms. Chen is ADVISED that, if she continues to threaten personnel of the Clerk's Office through emails, entries on the Court's website, or otherwise, the U.S. Marshals Service or other appropriate Law Enforcement Agency will be notified to ensure the safety of Court personnel; and it is further

ORDERED that Ms. Chen is ADVISED that nothing in this injunction will be construed as limiting her ability to defend herself in any criminal or civil matter filed against her in this Court.

The Clerk is directed to send Ms. Chen a certified copy of this Order at her last known address on file with the Clerk's Office, as well as by email to maychenhousehold@gmail.com.

The Clerk shall also transmit a certified copy of the Order to the U.S. Marshals Service for the

District of Maryland.


Date:    December 17, 2015                                   /S/
                                                   Paul W. Grimm
                                                   United States District Judge